KATIE A. STRICKLIN, State Bar No. 240295
kstricklin@walsworthlaw.com
ANDREW J. TAYLOR, State Bar No. 318145
ataylor@walsworthlaw.com
WALSWORTH LLP
19900 MacArthur Blvd., Suite 1150
Irvine, California 92612-2445
Telephone:   (714) 634-2522
Facsimile:   (714) 634-0686

Attorneys for Defendant GOOD BRANDS LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVGENIIA BYLINA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZING COMMERCE, INC., an unknown entity; GOOD BRANDS, LLC, a California Corporation; AMAZING NUTRITION, an unknown entity; AMAZON.COM, INC., a Delaware Corporation; APARNA PATIL, an individual; and DOES 1 to 50, inclusive,<br><br>　　　　　Defendants. | Case No. 2:25-cv-09916<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(a), 1441(b), AND 1446**<br><br>[Removal from the Superior Court of the State of California for the County of Los Angeles, Case No. 25STCV09566]<br><br>[Filed Concurrently with: Civil Cover Sheet; Certification and Notice of Interested Parties; and Corporation Disclosure Statement; Declaration of Samir Bhatia; Consent to Removal by Amazon,com, Inc.] |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendant GOOD BRANDS LLC ("Good Brands") hereby removes the above-entitled action from the Superior Court of the State of California, County of Los Angeles, Case No. 25STCV09566, to the United State District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446.

WALSWORTH
515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

64722843.1
6390-37750

WALSWORTH
515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

## INTRODUCTION

1.    Plaintiff Evgeniia Bylina ("Plaintiff") commenced this action on April 1, 2025, in the Superior Court of the State of California, County of Los Angeles, Case No. 25STCV09566. A true and correct copy of Plaintiff's Complaint, and associated paperwork, is attached as Exhibit A.

2.    In the Complaint, Plaintiff alleges that she was injured after she consumed a single capsule of Valerian Complex Natural Sleep Support, a dietary supplement allegedly produced and distributed by defendants. See Ex. A, Compl. ¶12.

## THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

3.    This action is removable under 28 U.S.C. § 1441(b) because this Court would have had original jurisdiction under 28 U.S.C. § 1332(a)(1) had Plaintiff filed this action initially in federal court. Plaintiff is not a citizen of the same state as the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

*Complete Diversity Exists Between the Parties*

4.    Plaintiff is a citizen of California. See, Ex. A, Compl. ¶ 1.

5.    Defendant Amazon.com, Inc. is a Delaware Corporation with its principal place of business in Washington. A corporation is a citizen of its state of incorporation and of the state in which it has its principal place of business. See 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" means the "actual center of direction, control, and coordination." *Hertz Corp. v. Friend,* 559 U.S. 77, 80 (2010). Therefore, Defendant Amazon.com, Inc. is a citizen of both Delaware and Washington.

6.    Defendant Amazing Commerce Inc., who has not yet been served in this action, is also Delaware Corporation with its principal place of business in New Jersey. See, concurrently filed Declaration of Samir Bhatia ("Bhatia Decl.") ¶¶ 5, 13-14. Accordingly, Amazing Commerce Inc. is a citizen of both Delaware and

64722843.1
6390-37750

New Jersey.

7.    Defendant Good Brands LLC is a Delaware Limited Liability Company ("LLC"). See, Bhatia Decl. ¶ 6. For the purposes of diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of each of its members. *Carden v. Arkoma Associ.*, 494 U.S. 185, 195-96 (1990). Good Brands LLC is solely owned by Amazing Commerce Inc., a Delaware Corporation with its principal place of business in New Jersey. See, Bhatia Decl. ¶¶ 5, 8. Thus, Good Brands LLC is also a citizen of both Delaware and New Jersey.

8.    Defendant Amazing Nutrition, who has not yet been served in this action, is a brand name used by Good Brands LLC. See, Bhatia Decl. ¶ 10, 13-14. As previously established, Good Brands LLC is a Delaware LLC, solely owned by Amazing Commerce Inc. See, Bhatia Decl. ¶¶ 6, 8. Amazing Commerce Inc. is a Delaware Corporation with its principal place of business in New Jersey. See, Bhatia Decl. ¶ 5. Accordingly, Amazing Nutrition is a citizen of both Delaware and New Jersey.

9.    Defendant Aparna Patil, who has not yet been served in this action, is a citizen of New Jersey. See, Bhatia Decl. ¶ 11, 13-14.

10.    The citizenship of Defendants sued as Does 1 through 50 is irrelevant to the removal analysis. "In determining whether a civil action is removable on the basis of [diversity] jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b). Plaintiff has not pled "allegations that concern the Doe Defendants [that] provide a reasonable indication of their identity, the relationship to the action, and their diversity-destroying citizenship." *Moch v. N & D Restaurants, LLC*, No. 8:24-CV-01501-JVS-JDE, 2024 WL 4213587, at *3 (C.D. Cal. Sept. 16, 2024) (citations omitted). Because Plaintiff has not given "a definite clue about the identity of the fictitious defendant," the citizenship of the Court should not consider the citizenship of the Doe Defendants. *Mason v. Home Depot U.S.A., Inc.*, No. 24-CV-02428-MRA

WALSWORTH
515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

(MAR), 2024 WL 3029500, at *2–3 (C.D. Cal. June 17, 2024) (citations omitted).

11. Because Plaintiff is a citizen of California, Amazon.com, Inc. is a citizen of Delaware and Washington, and all other named defendants—Amazing Commerce Inc., Good Brands LLC, Amazing Nutrition, and Aparna Patil—are citizens of Delaware and/or New Jersey, complete diversity of citizenship exists under 28 U.S.C. § 1332(a)(3).

*The Amount in Controversy Exceeds $75,000*

12. Plaintiff does not allege a specific monetary value for her claims on the face of the Complaint. Nonetheless, the nature and scope of the allegations make it facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. The Ninth Circuit follows the Fifth Circuit's framework for determining whether the amount in controversy is satisfied where, as here, the plaintiff does not plead a specific amount. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Under that approach, a court first considers whether it is "facially apparent" from the complaint that the claims likely exceed the jurisdictional threshold. *Id*.; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Courts may rely on "judicial experience and common sense" in assessing whether the allegations support a finding that more than $75,000 is in controversy. *Dourian v. Stryker Corp.*, No. CV 12-1790 DSF, 2012 WL 12893752, at *1 (C.D. Cal. Apr. 10, 2012).

14. Plaintiff's Complaint asserts six causes of action: 1) Strict Liability, 2) Negligence, 3) Breach of the Implied Warranty of Merchantability, 4) Breach of the Implied Warranty of Fitness for its Intended Purpose, 5) Negligent Misrepresentation, and 6) Breach of Express Warranty. Plaintiff claims that after consuming a single capsule of Valerian Complex Natural Sleep Support she suffered "stroke like symptoms" including but not limited to "severe heartbeat, speech and thought impairment, left side numbing, respiratory and neurological issues and

WALSWORTH
515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

stroke suspicion, causing severe permanent and neurological issues." See Ex. A, Compl. ¶14.

15.     Plaintiff alleges that because of the aforementioned injuries, she is entitled to general damages, special economic damages, cost of suit, and attorney's fees. See Ex. A, Compl. at pg. 10.

16.     Plaintiff initially filed this action as an unlimited civil case indicating that Plaintiff is seeking more than $35,000 in damages. See Cal. Civ. Proc. Code § 88. On or around July 24, 2025, Plaintiff filed a Case Management Statement in the California State Superior Court in which she stated, "To date Plaintiff's medical known expenses are over $45,000.00". A true and correct copy of Plaintiff's CM-100 Case Management Statement of July 24, 2025, is attached as Exhibit B.

17.     Taking into account the multiple liability theories, the claimed permanent neurological "stroke like" injuries, Plaintiff's medical expenses to date ($45,000 alleged) and the broad categories of damages sought, it is facially apparent that the amount in controversy exceeds $75,000.

18.     Defendant Good Brands LLC does not concede that Plaintiff is entitled to any damages. The statements in this Notice of Removal are made solely for purposes of establishing that removal is proper under 28 U.S.C. § 1441.

## ALL DEFENDANTS CONSENT TO REMOVAL

19.     Amazon.com, Inc. and Good Brands LLC are the only named defendants that have been properly served with the Summons and Complaint. Amazon.com, Inc. has filed a concurrent consent to Notice of Removal. Good Brands LLC consents to this removal. All necessary defendants thus consent to this removal and no other defendant's consent is required at this time under 28 U.S.C. § 1446(b)(2)(A).

## THIS FILING IS TIMELY

20.     Plaintiff served Good Brands LLC with the Summons and Complaint on September 17, 2025. This notice of removal is being filed within thirty (30) days

WALSWORTH
515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

64722843.1
6390-37750
NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§1332(a), 1441(b), AND 1446

of service and therefore timely under 28 U.S.C. § 1446(b)(1).

## VENUE OF REMOVED ACTION

21.     Venue is proper in the United States District Court for the Central District of California because it is the district and division embracing the Superior Court of California, County of Los Angeles, where this action was filed and is currently pending. See 28 U.S.C. § 1441(a).

## NOTICE TO THE STATE COURT

22.     In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Superior Court of California, County of Los Angeles, and served on counsel for Plaintiff and any other served parties.

## PLEADINGS IN THE STATE COURT ACTION

23.     Attached hereto as Exhibit A is a true and correct copy of all process, pleadings, and orders served upon Good Brands LLC in the state court action. A true and correct copy of the state court docket is attached as Exhibit C.

## NON-WAIVER OF DEFENSES

24.     By filing this Notice of Removal, Good Brands LLC does not waive, and expressly reserves, all defenses, objections, and motions available under state and federal law, including the right to challenge the legal sufficiency of the Complaint under Federal Rule of Civil Procedure 12. Nothing in this Notice shall be construed as an admission of any allegation, fact, or liability, or as a waiver of any procedural or substantive defense.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WALSWORTH

515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

**WHEREFORE,** Good Brands LLC respectfully removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

Dated: October 16, 2025          WALSWORTH LLP

By: _Katie Stricklin_

KATIE A. STRICKLIN
ANDREW J. TAYLOR
Attorneys for Defendant GOOD BRANDS LLC

WALSWORTH
515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

64722843.1
6390-37750

-7-

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/01/2025 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
AMAZING COMMERCE, INC., an unknown entity; GOOD BRANDS, LLC., a California Corporation; (see attachment for additional Defendants)

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
EVGENIIA BYLINA, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
(El nombre y dirección de la corte es): Los Angeles Superior Court

111 North Hill Street, Los Angeles, CA 90012

**CASE NUMBER:**
**(Número del Caso):**

25STCV09566

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Isabel Shiganian, Shiganian Law Corp., 15303 Ventura Blvd., Suite 900, Sherman Oaks, CA 91403. 818-588-8974

| DATE: (Fecha) 04/01/2025 | David W. Slayton, Executive Officer/Clerk of Court Clerk, by (Secretario) E. Galicia | , Deputy (Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): GOOD BRANDS, LLC, California Corporation

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.

 Print this form    Save this form

 Clear this Form

**Exhibit A**
**Page 9**

MC-025

| SHORT TITLE:<br>BYLINA V. AMAZING COMMERCE, INC. | CASE NUMBER: |
|---|---|

**ATTACHMENT** *(Number):* ONE

*(This Attachment may be used with any Judicial Council form.)*

SUMMONS

DEFENDANTS

AMAZING NUTRIRION, an unknown entity; AMAZON.COM, INC. a Delaware Corporation; APARNA PATIL, an individual; and DOES 1 to 50, inclusive

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page _____ of _____

*(Add pages as required)*

Form Approved for Optional Use<br>Judicial Council of California<br>MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

**Exhibit A**
**Page 10**

Isabel Shiganian, Esq. - State Bar No. 331721
**SHIGANIAN LAW CORP**
15303 Ventura Blvd., Suite 900
Sherman Oaks, CA 91403
Tel: (818) 588-8974
Email: info@shiganian.com

Attorneys for Plaintiff,
EVGENIIA BYLINA

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/01/2025 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| EVGENIIA BYLINA, an individual.<br><br>Plaintiff,<br><br>v.<br><br>AMAZING COMMERCE, INC., an unknown entity; GOOD BRANDS, LLC, California Corporation; AMAZING NUTRITION, an unknown entity; AMAZON.COM, INC. a Delaware Corporation; APARNA PATIL, an individual; and DOES 1 TO 50, inclusive.<br><br>Defendants. | Case No.: **25STCV09566**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **STRICT LIABILITY**<br>2. **NEGLIGENCE**<br>3. **BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**<br>4. **BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR ITS INTENDED PURPOSE**<br>5. **NEGLIGENT MISREPRESENTATION**<br>6. **BREACH OF EXPRESS WARRANTY**<br><br>**\*\*DEMAND FOR JURY TRIAL\*\*** |

COMES NOW, Plaintiff, EVGENIIA BYLINA, and alleges against Defendants, and each of them, as follows:

## COMMON TO ALL CAUSES OF ACTION

1. At all times relevant herein, Plaintiff EVGENIIA BYLINA, ("Plaintiff"), was a resident of the County of Los Angeles, State of California.

2. Plaintiff EVGENIIA BYLINA is informed and believes and thereon alleges that Defendants AMAZING COMMERCE, INC., an unknown entity; GOOD BRANDS, LLC, a California Corporation; AMAZING NUTRITION, an unknown entity; AMAZON.COM,

1

Exhibit A
Page 11

INC., a Delaware Corporation; APARNA PATIL, an individual; and DOES 1-50, inclusive, were and, at all times mentioned herein, corporations organized and existing under the laws of the State of California.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 50, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave of Court to amend this Complaint to show the true names and capacities thereof when the same have been ascertained.

4. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE is responsible, negligently, strictly liable, or in some other manner, for the events and happenings herein referred to, and thereby proximately caused injuries and damages to all Plaintiff as hereinafter alleged.

5. Defendants at all times mentioned herein were in the business of selling goods and services, and were the agents, servants, employees, partners, members, shareholders, officers, directors, joint venturers, and alter egos of each other, and in doing or failing to do the things hereinafter mentioned were acting within the purpose and scope of their agency and employment and with the knowledge and consent of each other.

6. Each and all of the acts, events and injuries alleged hereinafter, took place and were sustained on or about September 10, 2024 at or near 909 W. temple St., apt. 457, Los Angeles, CA 90012. Plaintiff EVGENIIA BYLINA alleges and asserts all causes of action hereof.

7. The case arises from herbal supplement products that were designed, manufactured, produced, distributed, and sold by Defendants; the products were defective, impaired, compromised, infiltrated, contaminated, which actually and proximately caused injuries to Plaintiff EVGENIIA BYLINA'S person, psyche, body, and being.

**FIRST CAUSE OF ACTION STRICT LIABILITY**

**(Against all Defendants)**

8. Plaintiff incorporates by reference paragraphs 1 through 7 as set forth herein.

Shiganian Law Corp
15303 Ventura Blvd., Suite 900
Sherman Oaks, CA 91403

Shiganian Law Corp
15303 Ventura Blvd., Suite 900
Sherman Oaks, CA 91403

9.      Defendants AMAZING COMMERCE, INC., an unknown entity; GOOD BRANDS, LLC,   a California Corporation; AMAZING NUTRITION, an unknown entity; AMAZON.COM, INC., a Delaware Corporation; APARNA PATIL, an individual; and DOES 1-50, inclusive, are now, and at all times mentioned in this complaint were, corporations organized and existing under the laws of the State of California.

10.     Defendants AMAZING COMMERCE, INC., an unknown entity; GOOD BRANDS, LLC,   a California Corporation; AMAZING NUTRITION, an unknown entity; AMAZON.COM, INC., a Delaware Corporation; APARNA PATIL, an individual; and DOES 1-50, inclusive, are now, and at all times mentioned in this complaint were, in the business of designing, manufacturing, compounding, assembling, preparing, and selling various items, including Valerian Complex Natural Sleep Support natural dietary supplement for use and consumption by the public.

11.     Defendants AMAZING COMMERCE, INC., an unknown entity; GOOD BRANDS, LLC,   a California Corporation; AMAZING NUTRITION, an unknown entity; AMAZON.COM, INC., a Delaware Corporation; APARNA PATIL, an individual; and DOES 1-50, inclusive, are now, and at all times mentioned in this complaint were, in the business of selling at retail to members of the public various types of items, including Valerian Complex Natural Sleep Support natural dietary supplement manufactured by Defendants.

12.     On September 10, 2024 Plaintiff consumed one capsule of Valerian Complex Natural Sleep support natural dietary supplement designed, manufactured, compounded, assembled, prepared and sold by Defendants AMAZING COMMERCE, INC., an unknown entity; GOOD BRANDS, LLC,  a California Corporation; AMAZING NUTRITION, an unknown entity; AMAZON.COM, INC., a Delaware Corporation; APARNA PATIL, an individual; and DOES 1-50, inclusive.

13.     At all times mentioned in this complaint, the Valerian Complex Natural Sleep support natural dietary supplement described above and its component ingredients were

**COMPLAINT FOR DAMAGES**

**Exhibit A
Page 13**

defective as to design, manufacture, and warnings, causing them to be in a dangerous and defective condition that made them unsafe for their intended use.

14.    As a direct and proximate result of the defective and dangerous condition of the Valerian Complex Natural Sleep Support Natural Dietary supplement manufactured by Defendants AMAZING COMMERCE, INC., an unknown entity; GOOD BRANDS, LLC, a California Corporation; AMAZING NUTRITION, an unknown entity; AMAZON.COM, INC., a Delaware Corporation; APARNA PATIL, an individual; and DOES 1-50, inclusive, caused Plaintiff to sustain the following serious personal injuries and damages: Plaintiff EVGENIIA BYLINA after consuming the above mentioned problem started to experience stroke-like symptoms, including but not limited to severe heartbeat, speech and thought impairment, left side numbing; respiratory and neurological issues and stroke suspicion, causing severe  and permanent neurological issues, which actually and proximately caused injuries to Plaintiff EVGENIIA BYLINA'S person, psyche, body, and being.

## SECOND CAUSE OF ACTION NEGLIGENCE

### (Against all Defendants)

15.    Plaintiff incorporates by reference paragraphs 1 through 15 as set forth herein.

16.    Defendants AMAZING COMMERCE, INC., an unknown entity; GOOD BRANDS, LLC,  a California Corporation; AMAZING NUTRITION, an unknown entity; AMAZON.COM, INC., a Delaware Corporation; APARNA PATIL, an individual; and DOES 1-50, inclusive, inclusive, are now, and at all times mentioned in this complaint were, in the business of designing, manufacturing, compounding, assembling, preparing, and selling various items and products, including Valerian Complex Natural Sleep Support Natural Dietary Supplement for consumption by the public.

17.    On September 10, 2024 Plaintiff purchased from defendants Defendants AMAZING COMMERCE, INC., an unknown entity; GOOD BRANDS, LLC,  a California Corporation; AMAZING NUTRITION, an unknown entity; AMAZON.COM, INC., a Delaware Corporation; APARNA PATIL, an individual; and DOES 1-50, inclusive, Valerian

Shiganian Law Corp
15303 Ventura Blvd., Suite 900
Sherman Oaks, CA 91403

4

COMPLAINT FOR DAMAGES

Exhibit A
Page 14

Shiganian Law Corp
15303 Ventura Blvd., Suite 900
Sherman Oaks, CA 91403

Complex Natural Sleep Support Natural Dietary Supplement designed, manufactured, compounded, assembled, prepared and sold by defendants for consumption by Plaintiff.

18.    On September 10, 2024 Plaintiff consumed one capsule of Valerian Complex Natural Sleep Support Natural Dietary supplement designed, manufactured, compounded, assembled, prepared and sold by Defendants AMAZING COMMERCE, INC., an unknown entity; GOOD BRANDS, LLC, a California Corporation; AMAZING NUTRITION, an unknown entity; AMAZON.COM, INC., a Delaware Corporation; APARNA PATIL, an individual; and DOES 1-50, inclusive.

19.    At all times mentioned in this complaint, Defendants so negligently and carelessly designed, manufactured, compounded, assembled, and prepared the Valerian Complex Natural Sleep Support Natural Dietary Supplement purchased and consumed by Plaintiff that it was dangerous and unsafe for its intended use.

20.    As a direct and proximate result of Defendants' negligence and carelessness as described above, Plaintiff sustained the following serious personal injuries and damages: Plaintiff EVGENIIA BYLINA after consuming the above mentioned problem started to experience stroke-like symptoms, including but not limited to severe heartbeat, speech and thought impairment, left side numbing; respiratory and neurological issues and stroke suspicion, causing severe and permanent neurological issues, which actually and proximately caused injuries to Plaintiff EVGENIIA BYLINA'S person, psyche, body, and being.

### THIRD CAUSE OF ACTION

### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

### (Against all Defendants)

21.    Plaintiff incorporates by reference paragraphs 1 through 21 as set forth herein.

22.    At all times mentioned in this complaint Defendants AMAZING COMMERCE, INC., an unknown entity; GOOD BRANDS, LLC, a California Corporation; AMAZING NUTRITION, an unknown entity; AMAZON.COM, INC., a Delaware Corporation; APARNA PATIL, an individual; and DOES 1-50, inclusive., were in the business of selling

5

COMPLAINT FOR DAMAGES

Exhibit A
Page 15

Shiganian Law Corp
15303 Ventura Blvd., Suite 900
Sherman Oaks, CA 91403

various medical products and items, including Valerian Complex Natural Sleep Support Natural Dietary Supplement for consumption by the public.

23.     On September 10, 2024, Defendants AMAZING COMMERCE, INC., an unknown entity; GOOD BRANDS, LLC,  a California Corporation; AMAZING NUTRITION, an unknown entity; AMAZON.COM, INC., a Delaware Corporation; APARNA PATIL, an individual; and DOES 1-50, inclusive., sold to Plaintiff EVGENIIA BYLINA multiple items including Valerian Complex Natural Sleep Support Natural Dietary Supplement, for a sum which was paid by Plaintiff to Defendants.

24.     The contract of sale between Plaintiff and Defendant contained an implied warranty that the Valerian Complex Natural Sleep Support Natural Dietary Supplement would be of merchantable quality. The Valerian Complex Natural Sleep Support Natural Dietary Supplement was not of merchantable quality, however, in that the Valerian Complex Natural Sleep Support Natural Dietary Supplement was so negligently and carelessly designed, manufactured, compounded, assembled, and prepared the spider anterior cervical plate purchased and consumed by Plaintiff that it was dangerous and unsafe for its intended use in that Valerian Complex Natural Sleep Support Natural Dietary Supplement was defectively manufactured, designed and constructed, so as to have defective, dangerous parts.

25.     On September 10, 2024, Plaintiff discovered the breach of warranty and immediately gave notice to Defendants of the breach.

26.     On September 10, 2024, Plaintiff attempted to use Valerian Complex Natural Sleep Support Natural Dietary Supplement in the manner and for the purpose for which the Valerian Complex Natural Sleep Support Natural Dietary Supplement was intended resulting in the following damages to Plaintiff.  Plaintiff EVGENIIA BYLINA after consuming the above mentioned problem started to experience stroke-like symptoms, including but not limited to severe heartbeat, speech and thought impairment, left side numbing; respiratory and neurological issues and stroke suspicion, causing severe  and

6

COMPLAINT FOR DAMAGES

permanent neurological issues, which actually and proximately caused injuries to Plaintiff EVGENIIA BYLINA'S person, psyche, body, and being.

**FOURTH CAUSE OF ACTION**

**BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR ITS INTENDED PURPOSE**

**(Against all Defendants)**

27.     Plaintiff incorporates by reference paragraphs 1 through 27 as set forth herein.

28.     At the time of entering into the contract for the sale of the Valerian Complex Natural Sleep Support Natural Dietary Supplement, Defendants were informed and knew, or had reason to know, that Plaintiff required Valerian Complex Natural Sleep Support Natural Dietary Supplement for consumption. Plaintiff relied on Defendant's skill and judgment and expertise in selection, producing, furnishing, and selling the Valerian Complex Natural Sleep Support Natural Dietary Supplement under the contract. The goods sold and delivered to Plaintiff were not fit for Plaintiff's purposes, however, in that the Valerian Complex Natural Sleep Support Natural Dietary Supplement purchased and used by Plaintiff was dangerous and unsafe for its intended use in that Valerian Complex Natural Sleep Support Natural Dietary Supplement contained unknown and dangerous objects.

**FIFTH CAUSE OF ACTION**

**NEGLIGENT MISREPRESENTATION**

**(Against all Defendants)**

29.     Plaintiff incorporates by reference paragraphs 1 through 29 as set forth herein.

30.     The Defendants AMAZING COMMERCE, INC., an unknown entity; GOOD BRANDS, LLC,  a California Corporation; AMAZING NUTRITION, an unknown entity; AMAZON.COM, INC., a Delaware Corporation; APARNA PATIL, an individual; and DOES 1-50, inclusive, made a representation of a material fact relating to the production, distribution, manufacturing, condition, sale, and representation of the Valerian Complex Natural Sleep Support Natural Dietary Supplement purchased by the Plaintiff EVGENIIA BYLINA.

7

**COMPLAINT FOR DAMAGES**

Shiganian Law Corp
15303 Ventura Blvd., Suite 900
Sherman Oaks, CA 91403

**Exhibit A**
**Page 17**

31.    The representation was false, misleading, inaccurate, and the Defendants making the misrepresentation knew or should have known that the representation was in fact false, misleading, and inaccurate.

32.    Defendants made misrepresentation with the intent to induce the Plaintiff to enter into the transaction or otherwise detrimentally change Plaintiff's position regarding the ability, option, decision to purchase the spider anterior cervical plate.

33.    The Plaintiff was injured because of the misrepresentation and Plaintiff relied on the misrepresentation, and the reliance was reasonable and justifiable because Plaintiff was a customer of Defendants' services and was relying on Defendants' experience, skill, judgment, and due care;

34.    As a direct and proximate result of Defendants' misrepresentation and carelessness as described above, Plaintiff sustained the following serious personal injuries and damages: Plaintiff EVGENIIA BYLINA after consuming the above mentioned problem started to experience stroke-like symptoms, including but not limited to severe heartbeat, speech and thought impairment, left side numbing; respiratory and neurological issues and stroke suspicion, causing severe and permanent neurological issues, which actually and proximately caused injuries to Plaintiff EVGENIIA BYLINA'S person, psyche, body, and being.

**SIXTH CAUSE OF ACTION**

**BREACH OF EXPRESS WARRANTY**

**(Against all Defendants)**

35.    Plaintiff incorporates by reference paragraphs 1 through 35 as set forth herein.

36.    On September 10, 2024, Defendants AMAZING COMMERCE, INC., an unknown entity; GOOD BRANDS, LLC, a California Corporation; AMAZING NUTRITION, an unknown entity; AMAZON.COM, INC., a Delaware Corporation; APARNA PATIL, an individual; and DOES 1-50, inclusive, inclusive, sold to Plaintiff EVGENIIA BYLINA multiple items including Valerian Complex Natural Sleep Support Natural Dietary Supplement, for a sum which was paid by Plaintiff to Defendant.

COMPLAINT FOR DAMAGES

**Exhibit A**

**Page 18**

37.    At the time of the sale, Plaintiff relied on representations made by Defendants which described the Valerian Complex Natural Sleep Support Natural Dietary Supplement was of quality, duration, merchantable, and healthy.

38.    In purchasing the Valerian Complex Natural Sleep Support Natural Dietary Supplement described in this complaint Plaintiff relied on the express warranty as represented by Defendants, and on those affirmations given by Defendant's agents or employees.

39.    Defendant breached the express warranty described in this complaint in that the Valerian Complex Natural Sleep Support Natural Dietary Supplement was not merchantable, of quality, healthy because the Valerian Complex Natural Sleep Support Natural Dietary Supplement was defected.

40.    As a direct and proximate result of Defendants' misrepresentation and carelessness as described above, Plaintiff sustained the following serious personal injuries and damages: Plaintiff EVGENIIA BYLINA after consuming the above mentioned problem started to experience stroke-like symptoms, including but not limited to severe heartbeat, speech and thought impairment, left side numbing; respiratory and neurological issues and stroke suspicion, causing severe  and permanent neurological issues, which actually and proximately caused injuries to Plaintiff EVGENIIA BYLINA'S person, psyche, body, and being.

///
///
///
///
///
///
///
///
///

Shiganian Law Corp
15303 Ventura Blvd., Suite 900
Sherman Oaks, CA 91403

9

Exhibit A
Page 19

## ON ALL CAUSES OF ACTION

WHEREFORE, Plaintiff prays for judgment against the Defendants, as follows:

1. For special damages according to proof;

2. For general damages according to proof;

3. Pre-judgment interest according to proof;

4. Costs of suit incurred herein;

5. For attorney fees incurred;

6. Such other and further relief as the Court may deem just and proper.

DATED:  March 31, 2025

SHIGANIAN LAW CORP

Isabel Shiganian, Esq.
Attorneys for Plaintiff,
EVGENIIA BYLINA

## JURY TRIAL DEMANDED

Plaintiff demands trial by jury of all issues so triable.

DATED:  March 31, 2025

SHIGANIAN LAW CORP

Isabel Shiganian, Esq.
Attorneys for Plaintiff,
EVGENIIA BYLINA

Shiganian Law Corp
15303 Ventura Blvd., Suite 900
Sherman Oaks, CA 91403

10

COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Isabel Shiganian, Esq. (SBN: 331721)<br>Shiganian Law Corp., 15303 Ventura Blvd., Suite 900, Sherman Oaks, CA 91403<br><br>TELEPHONE NO.: (818) 588-8974　　　　　FAX NO. :<br>EMAIL ADDRESS: info@shiganian.com<br>ATTORNEY FOR *(Name):* PLAINTIFF EVGENIIA BYLINA | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>4/01/2025 12:00 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By E. Galicia, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS: 111 N Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

CASE NAME:
BYLINA V. AMAZING COMMERCE, INC. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited　　[ ] Limited<br>(Amount　　　　　(Amount<br>demanded　　　　demanded is<br>exceeds $35,000)　$35,000 or less) | [ ] Counter　　[ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 25STCV09566<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[x] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
　a. [ ] Large number of separately represented parties
　b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
　c. [ ] Substantial amount of documentary evidence
　d. [ ] Large number of witnesses
　e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
　f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 6
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 3/31/2025
Isabel Shiganian, Esq.
_____
(TYPE OR PRINT NAME)

▶ *Isabel Shiganian*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

Exhibit A
Page 21

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET          CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
　Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/
　　Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice–
　　Physicians & Surgeons
　Other Professional Health Care
　　Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD
　　(e.g., assault, vandalism)
　Intentional Infliction of
　　Emotional Distress
　Negligent Infliction of
　　Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
　Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice
　　*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease
　　Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller
　　Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/
　　Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
　Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court
　　Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner
　　Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
　*(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
　*(not unpaid taxes)*
Petition/Certification of Entry of
　Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint
　　Case *(non-tort/non-complex)*
　Other Civil Complaint
　　*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
　Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

CM-010 [Rev. January 1, 2024]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form    Save this form

Exhibit A



Page 22

| SHORT TITLE | CASE NUMBER |
|---|---|
| BYLINA V AMAZING COMMERCE, INC., et al. | 25STCV09566 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| LASC CIV 109 Rev. 01/23 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
|---|---|---|
| For Mandatory Use | AND STATEMENT OF LOCATION | |

**Exhibit A**

**Page 23**

| SHORT TITLE | CASE NUMBER |
|---|---|
| BYLINA V AMAZING COMMERCE, INC., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☑ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

**Exhibit A**
**Page 24**

| SHORT TITLE | CASE NUMBER |
|---|---|
| BYLINA V AMAZING COMMERCE, INC., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| | | |
|---|---|---|
| LASC CIV 109 Rev. 01/23 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
| For Mandatory Use | AND STATEMENT OF LOCATION | |

| SHORT TITLE | CASE NUMBER |
|---|---|
| BYLINA V AMAZING COMMERCE, INC., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23          CIVIL CASE COVER SHEET ADDENDUM          LASC Local Rule 2.3

For Mandatory Use                AND STATEMENT OF LOCATION

**Exhibit A**

**Page 26**

| SHORT TITLE BYLINA V AMAZING COMMERCE, INC., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: □ 1. □ 2. □ 3. ☑ 4. □ 5. □ 6. □ 7. □ 8. □ 9. □ 10. □ 11 | ADDRESS: 909 W Temple St., apt. 457 |
|---|---|
| **CITY:** Los Angeles | **STATE:** CA | **ZIP CODE:** 90012 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 03/31/2025

_Isabel Shirkanian_

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

**Exhibit A**
**Page 27**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**04/01/2025**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ E. Galicia _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |

| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>25STCV09566 |
|---|---|

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Tiana J. Murillo | 78 | , | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record   David W. Slayton, Executive Officer / Clerk of Court

on 04/02/2025 _____                By E. Galicia _____ , Deputy Clerk
　　　(Date)

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

**Exhibit A**
**Page 28**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)  **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

**Exhibit A
Page 29**



**Superior Court of California, County of Los Angeles**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

## TYPES OF ADR

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

## ADVANTAGES OF ADR

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

## DISADVANTAGES OF ADR

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

## WEBSITE RESOURCES FOR ADR

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 11/24
For Mandatory Use

Page 1 of 3

**Exhibit A**
**Page 30**

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

**Exhibit A**
**Page 31**

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

LASC CIV 271 Rev. 11/24
For Mandatory Use

**Exhibit A**
**Page 32**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Isabel Shiganian | SBN: 331721<br>Shiganian Law Corp<br>15303 Ventura Blvd  900 Sherman Oaks, CA 914033110<br><br>TELEPHONE NO.: (818) 588-8974 | FAX NO.  | E-MAIL ADDRESS *(Optional)*: info@shiganian.com<br>ATTORNEY FOR *(Name)*: Plaintiff: | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>9/18/2025 12:23 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By A. Lopez, Deputy Clerk |

**LOS ANGELES COUNTY SUPERIOR COURT**

STREET ADDRESS: 111 NORTH HILL ST.

MAILING ADDRESS:

CITY AND ZIP CODE: LOS ANGELES, CA 90012

BRANCH NAME: CENTRAL DISTRICT

| PLAINTIFF:  EVGENIIA BYLINA, an individual<br><br>DEFENDANT:  AMAZING COMMERCE, INC., an unknown entity; ET AL | CASE NUMBER: 25STCV09566 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Evgeniia Bylina |

*(Separate proof of service is required for each party served.)*

**BY FAX**

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☑ Summons

   b. ☑ Complaint

   c. ☑ Alternative Dispute Resolution (ADR) package

   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ Cross-complaint

   f. ☑ other *(specify documents)*: **DEMAND FOR JURY TRIAL; Civil Case Cover Sheet Addendum; Notice of Case Assignment-UNLIMITED CIVIL CASE**

3. a. Party served *(specify name of party as shown on documents served)*:
   **GOOD BRANDS, LLC, California Corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **Vignesh Vijayalkumar - Person In Charge, Authorized to accept**

4. Address where the party was served: **19 Empire Blvd**
   **South Hackensack, NJ 07606-1805**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **9/17/2025**  (2) at *(time)*: **1:00 PM**

   b. ☐ **by substituted service.** On *(date)*:  at *(time)*:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:  from *(city)*:  or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/CW593297

**Exhibit A**
**Page 33**

| PETITIONER: EVGENIIA BYLINA, an individual | CASE NUMBER: |
|---|---|
| RESPONDENT: AMAZING COMMERCE, INC., an unknown entity; ET AL | 25STCV09566 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                   (2) from *(city):*

    (3)☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4)☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.

    b. ☐ as the person sued under the fictitious name of *(specify):*

    c. ☐ as occupant.

    d. ☑ On behalf of *(specify):* **GOOD BRANDS, LLC, California Corporation**
       under the following Code of Civil Procedure section:

      ☑ 416.10 (corporation)             ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)             ☐ 415.46 (occupant)
                                    ☐ other:

7. **Person who served papers**

    a. Name: **Glenn Burroughs - Cal West Attorney Services, Inc**

    b. Address: **730 Salem Street Glendale, CA 91203**

    c. Telephone number: **(213) 353-9100**

    d. **The fee** for service was: **$ 266.95**

    e. I am:

      (1) ☑ not a registered California process server.

      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

      (3) ☐ registered California process server:
        (i) ☐ owner      ☐ employee     ☐ independent contractor.
        (ii) Registration No.:
        (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **9/18/2025**

**Cal West Attorney Services, Inc**
**730 Salem Street**
**Glendale, CA 91203**
**(213) 353-9100**
**www.calwest.info**

 

_____
**Glenn Burroughs**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)       ▶                 (SIGNATURE)

**Exhibit A**

**Page 34**

# EXHIBIT B

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

NAME: Julie L. Hussey, Bar No. 237711 / Taline Gettas, Bar No. 322225
FIRM NAME: Perkins Coie LLP
STREET ADDRESS: 11452 El Camino Real, Ste. 300
CITY: San Diego          STATE: CA      ZIP CODE: 92130
TELEPHONE NO.: 858-720-5700      FAX NO.: 858-720-5799
EMAIL ADDRESS: JHussey@perkinscoie.com / TGettas@perkinscoie.com
ATTORNEY FOR (name): Defendant Amazon.com, Inc.

**FOR COURT USE ONLY**

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/24/2025 9:47 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Bolden, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
 STREET ADDRESS: 111 North Hill Street
 MAILING ADDRESS: 111 North Hill Street
 CITY AND ZIP CODE: Los Angeles 90012
 BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Evgeniia Bylina

DEFENDANT/RESPONDENT: Amazing Commerce, Inc., et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  [x] UNLIMITED CASE  (Amount demanded exceeds $35,000)   [ ] LIMITED CASE (Amount demanded is $35,000 or less) | 25STCV09566 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: August 8, 2025          Time: 8:30:00 AM     Dept.: 78          Div.:          Room:

Address of court (if different from the address above):

[ ] **Notice of Intent to Appear by Telephone,** by (name):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. [x] This statement is submitted by party (name): Amazon.com, Inc.
   b. [ ] This statement is submitted **jointly** by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. [ ] The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served (specify names and explain why not):

      (2) [ ] have been served but have not appeared and have not been dismissed (specify names):

      (3) [ ] have had a default entered against them (specify names):

   c. [ ] The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in  [x] complaint  [ ] cross-complaint     (Describe, including causes of action):
      Plaintiff Evgeniia Bylina filed this action alleging (1) strict liability; (2) negligence; (3) breach of the implied warranty of merchantability; (4) breach of the implied warranty of fitness for its intended purpose; (5) negligent misrepresentation; and (6) breach of express warranty.

Page 1 of 5

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. January 1, 2024] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rules 3.720–3.730 www.courts.ca.gov |
|---|---|---|

**Exhibit B**
**Page 36**

CM-110

| PLAINTIFF/PETITIONER:  Evgeniia Bylina | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Amazing Commerce, Inc., et al. | 25STCV09566 |

4.  b.  Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief):*
This is a product liability action. Plaintiff alleges that she was injured after consuming one capsule of Valerian Complex Natural Sleep Support Natural Dietary supplement sold by Amazing Nutrition on Amazon.com. Amazon denies that it is liable for Plaintiff's alleged injuries and damages under any theory of liability.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request  ☐ a jury trial  ☒ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐  The trial has been set for  *(date):*

b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
This matter is still new and significant discovery is necessary to investigate Plaintiff's claims and alleged damages.

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
March 13 – 20, 2026 (unavailable); April 1-10, 2026 (unavailable); May 21 – 26, 2026 (unavailable); June 12 – 19, 2026 (unavailable), November 23-27, 2026 (unavailable) and December 21, 2026 - Jan. 1, 2027 (unavailable).

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a.  ☒  days *(specify number):* 5-7

b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial  ☒ by the attorney or party listed in the caption  ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:                                         f.  Fax number:
e.  Email address:                                             g.  Party represented:

☐  Additional representation is described in Attachment 8.

9.  **Preference**

☐  This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel  ☐ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party  ☐ has  ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☒  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
The amount in controversy exceeds fifty thousand dollars ($50,000).

CM-110 [Rev. January 1, 2024]                **CASE MANAGEMENT STATEMENT**                Page 2 of 5

**Exhibit B**
**Page 37**

CM-110

| PLAINTIFF/PETITIONER: Evgeniia Bylina | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Amazing Commerce, Inc., et al. | 25STCV09566 |

10. c.  In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. January 1, 2024]

**CASE MANAGEMENT STATEMENT**

**Page 3 of 5**

**Exhibit B**
**Page 38**

CM-110

| PLAINTIFF/PETITIONER:  Evgeniia Bylina | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Amazing Commerce, Inc., et al. | 25STCV09566 |

11. **Insurance**

   a.   [x]   Insurance carrier, if any, for party filing this statement *(name):* Zurich American Insurance Company

   b.   Reservation of rights:   [ ] Yes   [x] No

   c.   [ ]   Coverage issues will significantly affect resolution of this case   *(explain):*

12. **Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

[ ] Bankruptcy   [x] Other *(specify):* Following jurisdictional discovery, the matter may be removable to federal court.
Status:

13. **Related cases, consolidation, and coordination**

   a.   [ ]   There are companion, underlying, or related cases.

     (1)   Name of case:

     (2)   Name of court:

     (3)   Case number:

     (4)   Status:

     [ ]   Additional cases are described in Attachment 13a.

   b.   [ ]   A motion to   [ ] consolidate   [ ] coordinate   will be filed by *(name party):*

14. **Bifurcation**

[ ]   The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**

[x]   The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Amazon will file a motion for summary judgment, or in the alternative, summary adjudication as to all or some of Plaintiff's claims.

16. **Discovery**

   a.   [ ]   The party or parties have completed all discovery.

   b.   [x]   The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Amazon | Written Discovery | Per Code |
| Amazon | Expert Discovery | Per Code |
| Amazon | Depositions | Per Code |
| Amazon | Expert Designations | Per Code |
| Amazon | Supplemental Written Discovery | Per Code |

   c.   [x]   The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*
Amazon anticipates the filing of a Stipulated Protective Order to address any confidential documents Plaintiff may seek as part of discovery.

---

CM-110 [Rev. January 1, 2024]     **CASE MANAGEMENT STATEMENT**     Page 4 of 5

**Exhibit B**
**Page 39**

**CM-110**

| PLAINTIFF/PETITIONER:  Evgeniia Bylina | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Amazing Commerce, Inc., et al. | 25STCV09566 |

17. **Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

    a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  July 24, 2025

Julie L. Hussey
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

    ☐ Additional signatures are attached.

CM-110 [Rev. January 1, 2024]  **CASE MANAGEMENT STATEMENT**  **Page 5 of 5**

**Exhibit B**
**Page 40**

**PROOF OF SERVICE**

I, Matthew Walkup, declare:

I am a citizen of the United States and employed in San Francisco, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 505 Howard Street, Suite 1000, San Francisco, CA 94105. On July 24, 2025, I served a copy of the within document(s):

1.  **DEFENDANT AMAZON.COM, INC.'S CASE MANAGEMENT STATEMENT**

☒    by causing the document(s) listed above to be placed in a sealed envelope with postage thereon fully prepaid, the United States mail at San Francisco, California addressed as set forth below.

☐    by electronically e-serving through LeapFile and causing the document to be sent to the persons at the email addresses listed below. To the best of my knowledge, at the time of the transmission, the transmission was reported as complete and without error.

☒    by transmitting via my electronic service address MWalkup@perkinscoie.com the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Isabel Shiganian, Esq.                                  *Attorneys for Plaintiff Evgeniia Bylina*
Shiganian Law Corp
15303 Ventura Blve., Suite 900
Sherman Oaks, CA 91403
info@ Shiganian.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 24, 2025, at Pleasanton, California.

_____
Matthew Walkup

# EXHIBIT C

Exhibit C

Page 42

# REGISTER OF ACTIONS

Case Information | **Register Of Actions** | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

| | |
|---|---|
| 10/10/2025 | Association of Attorney; Filed by: AMAZON.COM, INC. a Delaware Corporation (Defendant) |
| 9/18/2025 | Proof of Personal Service; Filed by: EVGENIIA BYLINA, (Plaintiff); As to: GOOD BRANDS, LLC, California Corporation (Defendant); Service Date: 09/17/2025; Service Cost: 266.95; Service Cost Waived: No |
| 8/13/2025 | Clerks Certificate of Service By Electronic Service; Filed by: Clerk; As to: Isabel Shiganian (Attorney); Taline Gettas (Attorney) |
| 8/13/2025 | Address for Taline Gettas (Attorney) updated |
| 8/13/2025 | Address for Isabel Shiganian (Attorney) updated |
| 8/8/2025 | Minute Order (Case Management Conference; Order to Show Cause Re: Failure t...) |
| 8/8/2025 | On the Court's own motion, Case Management Conference scheduled for 08/08/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 78 Held - Continued was rescheduled to 11/10/2025 08:30 AM |
| 8/8/2025 | On the Court's own motion, Order to Show Cause Re: Failure to File Proof of Service scheduled for 08/08/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 78 Held - Continued was rescheduled to 11/10/2025 08:30 AM |
| 7/24/2025 | Case Management Statement; Filed by: AMAZON.COM, INC. a Delaware Corporation (Defendant) |
| 7/24/2025 | Case Management Statement; Filed by: EVGENIIA BYLINA, (Plaintiff) |
| 5/5/2025 | Answer; Filed by: AMAZON.COM, INC. a Delaware Corporation (Defendant); As to: EVGENIIA BYLINA, (Plaintiff) |
| 5/5/2025 | Proof of Service (not Summons and Complaint); Filed by: AMAZON.COM, INC. a Delaware Corporation (Defendant); As to: EVGENIIA BYLINA, (Plaintiff) |
| 4/8/2025 | Order to Show Cause Failure to File Proof of Service; Filed by: Clerk |
| 4/8/2025 | Order to Show Cause Re: Failure to File Proof of Service scheduled for 08/08/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 78 |
| 4/8/2025 | Case Management Conference scheduled for 11/10/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 78 |
| 4/8/2025 | Order to Show Cause Re: Failure to File Proof of Service scheduled for 11/10/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 78 |
| 4/8/2025 | Notice of Case Management Conference; Filed by: Clerk |
| 4/8/2025 | Case Management Conference scheduled for 08/08/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 78 |
| 4/7/2025 | Proof of Personal Service; Filed by: EVGENIIA BYLINA, (Plaintiff); As to: AMAZON.COM, INC. a Delaware Corporation (Defendant); Service Date: 04/04/2025; Service Cost: 146.95; Service Cost Waived: No |
| 4/2/2025 | Case assigned to Hon. Tiana J. Murillo in Department 78 Stanley Mosk Courthouse |
| 4/1/2025 | Summons on Complaint; Issued and Filed by: EVGENIIA BYLINA, (Plaintiff); As to: AMAZING COMMERCE, INC., an unknown entity (Defendant); GOOD BRANDS, LLC, California Corporation (Defendant); AMAZING NUTRITION, an unknown entity (Defendant) et al. |
| 4/1/2025 | Civil Case Cover Sheet; Filed by: EVGENIIA BYLINA, (Plaintiff); As to: AMAZING COMMERCE, INC., an unknown entity (Defendant); GOOD BRANDS, LLC, California Corporation (Defendant); AMAZING NUTRITION, an unknown entity (Defendant) et al. |
| 4/1/2025 | Complaint; Filed by: EVGENIIA BYLINA, (Plaintiff); As to: AMAZING COMMERCE, INC., an unknown entity (Defendant); GOOD BRANDS, LLC, California Corporation (Defendant); AMAZING NUTRITION, an unknown entity (Defendant) et al. |
| 4/1/2025 | Alternative Dispute Resolution Packet; Filed by: Clerk |
| 4/1/2025 | Notice of Case Assignment - Unlimited Civil Case; Filed by: Clerk |

**Exhibit C**

**Page 43**

1/1

**PROOF OF SERVICE**

**Evgeniia Bylina v. Amazing Commerce, et al.**
**Los Angeles Superior Court Case No. 25STCV09566**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of .  My business address is 19900 MacArthur Blvd., Suite 1150, Irvine, CA 92612-2445.

On October 16, 2025, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(A), 1441(B), AND 1446** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Walsworth LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Irvine, California.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I electronically served a copy of the documents described above from the email address ncroft@walsworthlaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 16, 2025, at San Jose, California.

_____
Jasmine Ly

WALSWORTH
515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§1332(a), 1441(b), AND 1446

64722843.1
6390-37750

**SERVICE LIST**
**Evgeniia Bylina v. Amazing Commerce, et al.**
**Los Angeles Superior Court Case No. 25STCV09566**

Isabel Shiganian, Esq.
**SHIGANIAN LAW CORP**
15303 Ventura Blvd., Suite 900
Sherman Oaks, CA  91402
Tel:  (818) 588-8974
Email:  info@shiganian.com
Attorneys for Plaintiff

Taline Gettas, Esq.
PERKINS COIE
1888 Century Park East, Suite 1700
Los Angeles, CA  90067-1720
Tel:  (310) 788-3340
Email:  tgettas@perkinscoie.com
Attorneys for Defendant Amazon.Com, Inc.

WALSWORTH
515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

64722843.1
6390-37750

-2-

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§1332(a), 1441(b), AND 1446